MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
Andrea Fellion, Bar No. 262278
Kassia Stephenson, Bar No. 336175
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001
brian.berry@morganlewis.com
andrea.fellion@morganlewis.com
kassia.stephenson@morganlewis.com

Attorneys for Defendant
TESLA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRICE TALLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC., dba TESLA MOTORS, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:22-cv-03125<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Action Filed:  February 23, 2022<br><br>[28 U.S.C. §§ 1332, 1441, 1446, and 1453] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

TESLA'S NOTICE OF REMOVAL
Case No. _____

TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** Defendant TESLA, INC. dba TESLA MOTORS, INC. ("Defendant" or "Tesla"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This removal is based on the following grounds:

## I.     PROCEDURAL BACKGROUND.

1.     On February 23, 2022, Plaintiff Demetrice Talley ("Plaintiff") filed an unverified putative class action complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles, entitled *Demetrice Talley, individually and on behalf of all others similarly situated v. Tesla, Inc., dba Tesla Motors, Inc., a Delaware Corporation; and DOES 1-50, inclusive*, Case No. 22STVC06572 (the "Complaint").

2.     On April 7, 2022, Plaintiff served copies of the Summons, Complaint, Civil Case Cover Sheet, and various orders and filings on the docket, on the registered agent for Tesla. True and correct copies of these documents are attached hereto as **Exhibit A**. Exhibit A constitutes all the pleadings, process, and orders served upon or filed by Tesla in the Superior Court action.

3.     The Complaint seeks class damages for: (1) failure to pay wages including overtime; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to pay timely wages; (5) failure to provide accurate itemized wage statements; (6) failure to indemnify necessary business expenses; and (7) unfair business practices. (Ex. A, Complaint ("Compl."), ¶¶ 45-53, 54-60, 61-65, 66-70, 71-79, 80-83, 84-89).

4.     Plaintiff alleges all seven Causes of Action individually and on behalf of a class of current and former employees. Plaintiff defines the class as "[a]ll persons who are or have been employed by Defendants as Non-Exempt Employees

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

2

TESLA'S NOTICE OF REMOVAL
Case No. _____

or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution." (Ex. A, Compl., ¶ 10). Plaintiff also provides five sub-classes within the Class definition, including the following: (1) Meal Period Subclass; (2) Rest Period Subclass; (3) Waiting Time Penalty Subclass; (4) Wage Statement Subclass; and (5) Unfair Business Practice Subclass. (Ex. A, Compl., ¶ 11).

## II.  REMOVAL IS TIMELY.

5.     Because Tesla is filing this Notice of Removal within thirty days of service of the Complaint, it is timely under 28 U.S.C. §§ 1446(b)(3) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.  THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OVER THE COMPLAINT UNDER CAFA.

6.     The Complaint is a putative class action.[1] (Ex. A, Compl., ¶ 1, Prayer for Relief ¶ 1). Removal under the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) diversity of citizenship exists between at least one putative class member and Tesla, (ii) the aggregate number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B), 1453.[2]

### A.  Diversity of Citizenship Exists.

7.     To satisfy CAFA's diversity requirement, a removing party seeking removal must establish only that minimal diversity exists, that is, that one putative

---

[1] Tesla denies, and reserves the right to contest at the appropriate time, that this action can properly proceed as a class action. Tesla further denies Plaintiff's claims and denies that he can recover any damages.

[2] Tesla denies Plaintiff's factual allegations and denies that Plaintiff and members of the putative class are entitled to any relief whatsoever.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

3

TESLA'S NOTICE OF REMOVAL
Case No. _____

class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

8.  "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  Citizenship is determined by the individual's domicile at the time that the operative complaint is filed.  *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)); *Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017).  Evidence of continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

9.  In his Complaint, Plaintiff states that he is "a resident of California." (Ex. A, Compl., ¶ 6).  The Complaint does not allege that Plaintiff is a citizen of any other state.  Therefore, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

10.  For CAFA diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

4

TESLA'S NOTICE OF REMOVAL
Case No. _____

corporation holds its board meetings . . . ."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

11.    Tesla is organized under the laws of Delaware.  Declaration of Nicole White in Support of Tesla, Inc.'s Notice of Removal ("White Decl.") ¶ 6.  When Plaintiff filed the Complaint, and now, Tesla's corporate headquarters are in the State of Texas, and its executive and core administrative functions (including but not limited to human resources, operations, corporate finance, accounting, payroll, legal, and information systems) have been located in Texas. In addition, Tesla's Chief Executive Officer, Chief Financial Officer, as well as other corporate executives work from the Texas headquarters, and direct, control, and coordinate Tesla's corporate activities from its Texas headquarters.  *Id.*  Accordingly, Tesla is a citizen of Texas for diversity jurisdiction purposes.  28 U.S.C. § 1332(d)(10).

12.    Therefore, diversity of citizenship exists under CAFA because at least one member of the putative class is a citizen of a state different than Tesla.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**B.    The Putative Class Has More Than 100 Members.**

13.    The Complaint alleges its claims on behalf of a class consisting of "[a]ll persons who are or have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution."  (Ex. A, Compl., ¶ 10).  Tesla has had a constant headcount of at least 10,000 non-exempt, full-time employees in California during the year preceding the Complaint's filing.  White Decl. ¶ 3.  Thus, the putative class contains more than 100 members.

**C.    The Amount In Controversy Exceeds $5,000,000. [3]**

---

[3] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy.  Tesla refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum.  Tesla maintains that each of Plaintiff's claims lack

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

5

TESLA'S NOTICE OF REMOVAL
Case No. _____

14.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Where, as here, the Plaintiff does not plead a specific amount of damages, the petition for removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," consistent with the pleading standard under Rule 8(a).  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); Fed. R. Civ. P. 8(a). "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

15.     "[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) (citation omitted).  *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").  The ultimate inquiry is what amount a complaint places "in controversy," not what a defendant may actually owe in damages.  *LaCross*, 775 F.3d

---

merit, and that Tesla is not liable to Plaintiff or any putative class member in any amount whatsoever.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Tesla's] liability."  *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  In addition, Tesla denies that this case is suitable for class treatment.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

6

TESLA'S NOTICE OF REMOVAL
Case No. _____

at 1202 (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy").

16.     Under *Dart Cherokee*, a removing defendant is not required to submit evidence supporting its removal allegations.  *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (internal quotations omitted).  The removal allegations "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'"  *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias v. Residence Inn by Marriott*, 2019 WL 4148784, at *4 (9th Cir. Sept. 3, 2019)).  Where the plaintiff "could have, but did not, make more specific allegations to narrow the scale or scope of th[e] controversy," courts "have assumed 100% violation rates" based on the complaint's "sweeping allegations." *Id.* at *3.

17.     Here, the amount in controversy exceeds $5 million based on Plaintiff's allegations.[4]  Indeed, Plaintiff's Fourth, Fifth, and Sixth Causes of Action, as well as Plaintiff's attorneys' fee claim, alone place more than $5,000,000 in controversy, as summarized in the following table[5]:

---

[4] Although Plaintiff's Complaint makes the conclusory allegation that the amount in controversy is less than $5 million (Complaint ¶ 4), "[c]onclusory allegations as to the amount in controversy are insufficient" and should be disregarded.  Matheson v. Progressive Specialty Ins., 319 F.3d 1089, 1090 (9th Cir. 2003).  Moreover, using conservative assumptions, the amount in controversy far exceeds $5 million, as explained in further detail herein.

[5] Notably, Plaintiff alleges that Tesla "regularly" required Class Members to work shifts without providing them legally required meal periods (Compl., ¶ 59) and that Tesla created a working environment in which Plaintiff and Class Members could not take all of their rest periods (Compl., ¶ 64).  Although these sweeping allegations warrant an assumption of very high violation rates, each of these claims, standing alone, easily clears the $5 million threshold for CAFA jurisdiction (even based on one violation per employee per month).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

7

TESLA'S NOTICE OF REMOVAL
Case No. _____

| Claim | Calculation | Amount in Controversy |
|-------|-------------|----------------------|
| Late Final Wages | $12.5 x 8 x 30 x 1,700 | $5,100,000 |
| Wage Statement Violations | (10,000 x $50) + (10,000 x $100 x 5) | $5,500,000 |
| Failure to Reimburse | $20 x 12 x 10,000 | $2,400,000 |
| Attorneys' Fees | 13,000,000 x .25 | $3,250,000 |
| Total | | **$16,250,000** |

### 1. Plaintiff's Fourth Cause of Action for Failure to Pay Wages of Discharged Employees Puts at Least $5,100,000 in Controversy.

18.    Plaintiff alleges that "Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ."  (Ex. A, Compl., ¶ 69).  Plaintiff further alleges that, as a result, "Defendants are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code § 203."  (Ex. A, Compl., ¶ 70).

19.    Labor Code § 203 provides that an employer who willfully fails to timely pay wages to an employee who is discharged or quits, must pay, as a penalty, the "the wages of the employee . . . from the due date thereof . . . until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

20.    There is a three-year statute of limitations period applicable to a Section 203 claim.  At least 1,700 full time non-exempt employees in California separated their employment with Tesla between February 23, 2019 and April 9, 2022.  White Decl. ¶ 4.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

8

TESLA'S NOTICE OF REMOVAL
Case No. _____

21.     The Complaint alleges that "Plaintiff and Class Members *consistently* worked in excess of eight (8) hours in a day and/or forty (40) hours in a week as the result of the off-the-clock work performed." (Ex. A, Compl. ¶ 51) (emphasis added). Plaintiff states that "Plaintiff and Class Members were not compensated for all time worked . . . as the result of off-the-clock work performed." (Ex. A, Compl. ¶ 27). Plaintiff alleges that "[f]or instance, Plaintiff and Class Members were subjected to COVID questionnaires prior to clocking in for their shifts . . . which took approximately 2-4 minutes to complete" and "could only clock in after they completed the questionnaire." *Id*.

22.     Based on Plaintiff's allegations that the Class was required to work off the clock throughout the statutory period, it is appropriate to use a 100% violation rate for waiting time penalties to calculate the amount in controversy. *See Ford v. CEC Entm't, Inc.*, 2014 WL 3377990 (N.D. Cal. 2014) ("Assuming a 100% violation rate is thus reasonably grounded in the complaint . . . [b]ecause no averment in the complaint supports an inference that these sums were ever paid.").

23.     At all times during the alleged liability period, Tesla paid its hourly employees at least minimum wage. White Decl. ¶ 5. Using a blended minimum wage of $12.50 per hour final rate of pay based on the annual increases to the California minimum wage, and assuming that Tesla employed COVID questionnaires starting June 1, 2020, the Complaint claim for Labor Code Section 203 waiting time penalties places $3,000 in controversy for at least 1,700 terminated employees individually (i.e., $12.50 x 8 hours per day x 30 days=$3,000) since June 1, 2020. White Decl. ¶ 5. This allegation places at least $5,100,000 in controversy in the aggregate (i.e., $3,000 x 1,700 employees = **$5,100,000)**.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

9

TESLA'S NOTICE OF REMOVAL
Case No. _____

1

2

      **2.    Plaintiff's Fifth Cause of Action for Failure to Provide and Maintain Accurate Wage Statements Puts at Least $5,500,000 in Controversy.**

3      24.    Plaintiff alleges that "Defendants omitted an accurate itemization of

4 total hours worked, including . . . gross pay and net pay figures from Plaintiff and the

5 Class Members' wage statements." (Ex. A, Compl. ¶ 39).  Because Plaintiff alleges

6 that Tesla violated Labor Code Section 226(a) by failing to include accurate

7 information on the wage statements as required throughout the statutory period, it is

8 appropriate to use a 100% violation rate to calculate the amount in controversy for

9 this claim.

10     25.    Labor Code section 226(e) provides that an employee can recover the

11 greater of all actual damages or $50 for the initial violation and $100 per pay period

12 for each subsequent violation, up to a maximum penalty of $4,000, plus costs and

13 reasonable attorneys' fees, if an employer knowingly and intentionally fails to

14 provide an accurate, itemized wage statement.  Cal. Labor Code § 226(e).

15     26.    Here, during the relevant one-year statute of limitations period, Tesla

16 provided wage statements to Plaintiff and to putative class members on a bi-weekly

17 basis.  During the period from February 23, 2021 to April 9, 2022, Tesla maintained

18 a constant headcount of, and issued bi-weekly wage statements to, at least 10,000

19 non-exempt employees in California during the one year limitations period

20 applicable to this claim.  White Decl. ¶ 3.  Thus, Plaintiff's seventh cause of action

21 for failure to provide accurate wage statements would put $5,500,000 in controversy

22 after only six bi-weekly pay periods (i.e., (10,000 employees x $50 penalty for initial

23 pay period) + (10,000 employees x $100 penalty x 5 subsequent pay periods) =

24 **$5,500,000)**.

25

26

      **3.    Plaintiff's Sixth Cause of Action for Failure to Indemnify Necessary Expenditures Incurred in Discharge of Duties Puts at Least $2,400,000 in Controversy.**

27     27.    Plaintiff alleges that "during the relevant time frame, Defendants failed

28 to adequately reimburse Plaintiff and Class Members for business expenditures

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

TESLA'S NOTICE OF REMOVAL
Case No. _____

incurred for the use of personal cellphones as Plaintiff and Class Members used their personal cellphones to complete Defendants' COVID questionnaires, call customers, and respond to work emails." (Ex. A, Compl., ¶ 41). The Complaint does not allege the amounts sought for these expenses, but Plaintiff alleges that "Defendants failed to provide reimbursements for the use of personal cell phones necessary to carry out their job duties" and that Plaintiff and Class Members are entitled to recover these "un-reimbursed expense amounts . . . plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802." (*Id.* at ¶¶ 81, 83).

28.     Plaintiff's allegations of a company-wide failure to provide reimbursement of cell phone expenses to putative class members suggests for purposes of removal "that each putative class member could recover unreimbursed expenses for every month worked." *Anderson v. Starbucks Corp.*, No. 3:20-CV-01178-JD, 2020 WL 7779015, at *4 (N.D. Cal. Dec. 31, 2020). In *Anderson*, the district court held that a monthly cell phone reimbursement of $32.50 per employee was a "reasonable basis for estimating" the amount in controversy on a cell phone reimbursement claim, and conservatively represents a recovery that would be "less than a full recovery of the monthly plan fee . . . ." *Id.* However, for purposes of this removal, Tesla uses an even more conservative assumption that Plaintiff is seeking an average monthly recovery of $20.00 per employee.

29.     As stated above, Tesla maintained a constant headcount of at least 10,000 non-exempt employees in California during at least the year prior to Plaintiff's filing of his Complaint. White Decl. ¶ 3. At $20.00 in alleged unpaid cell phone reimbursements per month, Plaintiff's fifth cause of action for failure to indemnify employees for necessary cell phone expenses would place at least $2,400,000 in controversy for that one-year period alone (i.e., $20 monthly expenses x 12 work months x 10,000 employees = **$2,400,000**).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

11

TESLA'S NOTICE OF REMOVAL
Case No. _____

1  **4.    The Amount in Controversy Exceeds $5 Million.**

2      30.    Aggregating the figures above for only these three causes of action,

3  Plaintiff's alleged amount in controversy is at least $13,000,000 (i.e., $5,100,000 +

4  $5,500,000 + $2,400,000) based on the allegations in the claims discussed above.

5  Thus, CAFA's $5 million requirement is satisfied based on these claims alone, even

6  without the need to assess the value of Plaintiff's First, Second, Third, and Seventh

7  Causes of Action (failure to pay wages including overtime, failure to provide meal

8  periods, failure to provide rest periods, or unfair business practices).

9      **5.    Plaintiff's Request for Attorneys' Fees Places Additional**
       **Amounts in Controversy, Further Exceeding the CAFA**
10      **Threshold.**

11      31.    Plaintiff seeks to recover attorneys' fees under various provisions of the

12  Labor Code, including section 226.  (Ex. A, Compl., ¶¶ 53, 60, 65, 79, 83, 89; Prayer

13  for Relief, ¶¶ 2, 3).  Future attorneys' fees are properly included in determining the

14  amount in controversy, including for class actions seeking fees under Labor Code

15  Section 226.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785,

16  793–94 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of

17  attorneys' fees if he is successful, such future attorneys' fees are at stake in the

18  litigation, and must be included in the amount in controversy.").  Courts in the Ninth

19  Circuit "have treated a potential 25% fee award as reasonable" in wage and hour class

20  actions removed under CAFA.  *See Anderson,* 2020 WL 7779015, at *4.

21      32.    Although Tesla denies Plaintiff's claim for attorneys' fees, inclusion of

22  "reasonable" attorneys' fees for purposes of removal adds another $3,250,000 in

23  controversy (25% of $13,000,000), bringing the total amount in controversy to at

24  least **$16,250,000**.

25  **IV.  VENUE**

26      33.    This action was originally filed in the Superior Court for the County of

27  Los Angeles.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C.

28  § 1441(a), because it encompasses the county in which this action is pending.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TESLA'S NOTICE OF REMOVAL
Case No. _____

1  **V.     NOTICE**

2          34.     Tesla will promptly serve this Notice of Removal on all parties and will

3  promptly file a copy of this Notice of Removal with the clerk of the state court in

4  which the action is pending, as required under 28 U.S.C. § 1446(d).

5  **VI.     CONCLUSION**

6          35.     Based on the foregoing, Tesla requests that this action be removed to

7  this Court.  If any question arises as to the propriety of the removal of this action,

8  Tesla respectfully requests the opportunity to present a brief and oral argument in

9  support of its position that this case is subject to removal.

10

11  Dated:  May 9, 2022                              MORGAN, LEWIS & BOCKIUS LLP

12

13                                                   By  _/s/ Brian D. Berry_

14                                                        Brian D. Berry
                                                         Andrea Fellion
15                                                        Kassia Stephenson
                                                         Attorneys for Defendant
16                                                        TESLA, INC.

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 43112663.1

13

TESLA'S NOTICE OF REMOVAL
Case No. _____